UNITED STATES DISCTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW TECH CABLING, LLC and NEW TECH CABLING SERVICES, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> HYPER 30 INC, <br><br> Defendant. | Case No. 1:20-cv-8386 <br><br> **COMPLAINT** |

Plaintiffs NEW TECH CABLING, LLC and NEW TECH CABLING SERVICES, INC., by their attorney, EDWARD J. MULLINS III, ESQ. LLC, as and for their Complaint against Defendant HYPER 30 INC, allege as follows, upon information and belief:

**THE PARTIES**

1. That at all times hereinafter mentioned, the Plaintiff NEW TECH CABLING, LLC was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York, having a principal address of 49-07 168th Street, Fresh Meadows, New York.

2. That at all times hereinafter mentioned, Plaintiff NEW TECH CABLING SERVICES, INC. (collectively, "Plaintiffs" or "NEW TECH" herein) was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, having a principal address of 49-07 168th Street, Fresh Meadows, New York.

3. That at all times hereinafter mentioned, Defendant HYPER 30 INC ("HYPER 30" herein), is a corporation duly organized and existing under and by virtue of the laws of the State

1

of Florida, having a principal place of business of 110 Southeast 6th Street, 17th Floor, Fort Lauderdale, Florida.

4. That at all times hereinafter mentioned, Michael "Mike" Mills served as a principal, officer and/or manager of Defendant HYPER 30 INC.

## JURISDICTION AND VENUE

5. Jurisdiction is based upon 28 U.S.C. § 1332, insofar as there is Diversity of Citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000.

6. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as the Plaintiffs reside within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## FACTUAL ALLEGATIONS

7. NEW TECH is in the business, among other things, of planning, designing, building, installing and managing client data center cabling systems.

8. HYPER 30 is the business of providing end users with managed IT services, including, among other things, cabling installation services for clients' business computer systems, including phone, data, security, wireless and voice and data systems, throughout the United States, including the State of New York.

9. On or about May 1, 2018, HYPER 30 purchased NEXXTWORKS, INC. ("NEXXTWORKS"), a Florida corporation also in the business of providing end users with managed IT services throughout the United States, including New York State.

10. Prior to May 1, 2018, NEXXTWORKS contracted with NEW TECH to install certain IT cabling and other equipment for various NEXXTWORKS' clients in New York State.

11.     On or before May 1, 2018, NEW TECH's invoices to NEXXTWORKS totaled in excess of $200,000.00. Although NEXXTWORKS paid some or all of that amount to NEW TECH, an unpaid balance for a specific project, the "9 Pine Project," of $160,515.30 remained outstanding (the "9 Pine Balance").

12.     As a result of the outstanding payments, NEW TECH asserted the right to place a mechanic's lien on the Wall Street facility where the 9 Pine Project was being conducted.

13.     On or about May 1, 2018, NEXXTWORKS sold essentially all of its assets, including customer service contracts, to HYPER 30, though HYPER 30 did not assume any of NEXXTWORKS' other financial obligations, including NEXXTWORKS' obligations to NEW TECH for the 9 Pine Project.

14.     On or about May 22, 2018, in order to preserve HYPER 30's client relationships, as well as to foster an ongoing, working relationship between HYPER 30 and NEW TECH, the parties entered into a Settlement Agreement to provide for the full payment of the 9 Pine Balance owed by NEXXTWORKS to NEW TECH.

15.     The Settlement Agreement provided for certain installment payments to be made by HYPER 30 for the amount of $160,515.30 due and owing to the Plaintiffs. In order to induce NEW TECH to enter into the agreement and to give NEW TECH reasonable assurance of such payment and to avoid the filing of a mechanic's lien by NEW TECH in connection with the 9 Pine Project, the Settlement Agreement include a promissory note and guaranty.

16.     On or about May 22, 2018, for said valuable consideration, the parties executed the Settlement Agreement; a copy is annexed hereto and made part hereof as Exhibit "1".

17.     Pursuant to the terms of the Settlement Agreement, § 1(c), Defendant HYPER 30 agreed to pay the amount of $12,580.00 within 45 business days after the execution of the

Settlement Agreement. HYPER 30 thereafter defaulted in payment of this amount and more than thirty (30) days have since past.

18. Pursuant to the Settlement Agreement, § 1(d), HYPER 30 agreed to pay the sum of $87, 935.30 in installment payments in the amount of $2,500.00 beginning June 1, 2018, together with interest calculated at the times set forth therein.

19. HYPER 30 thereafter defaulted in the payment of the installments due on and after July 1, 2019.

20. On numerous occasions Plaintiffs and their agents contacted Mike Mills, President of HYPER 30, via email, telephone, certified mail, and regular mail. By telephone and email, Mr. Mills unconditionally acknowledged HYPER 30's obligations to NEW TECH, including for reasonable attorney's fees, and promised to resume payment in order to forestall this action, yet ultimately failed to do so.

21. NEW TECH has given HYPER 30 every opportunity to comply with its' obligations under the Settlement Agreement, yet HYPER 30 has wantonly and willfully failed to remit all sums due and owing.

### AS AND FOR A FIRST CAUSE OF ACTION IN FAVOR OF PLAINTIFFS NEW TECH – PROMISSORY NOTE

22. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

23. On or about May 22, 2018, for valuable consideration, HYPER 30 executed and delivered to the Plaintiff a Promissory Note in connection with the Settlement Agreement.

24. HYPER 30 thereafter defaulted in the payment of the installments due on and after July 1, 2019.

25. In accordance with the terms of the Note, Plaintiffs have elected and do hereby elect to and demands due the total unpaid principal in the amount of $55,435.30 together with applicable interest thereon from July 1, 2019.

### AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF PLAINTIFFS NEW TECH – BREACH OF CONTRACT

26. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

27. Pursuant to the terms of the Settlement Agreement § 1(c), Defendant HYPER 30 agreed to pay the amount of $12,580.00 within 45 business days after the execution of the Settlement Agreement. HYPER 30 thereafter defaulted in payment of this amount and more than thirty (30) days have since past.

28. In accordance with the terms of the Settlement Agreement, Plaintiffs NEW TECH demands due the total unpaid amount of $12,580.00 together with applicable interest thereon.

### AS AND FOR A THIRD CAUSE OF ACTION IN FAVOR OF PLAINTIFFS NEW TECH – SERVICES RENDERED

29. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

30. Pursuant to the May 22, 2018 Settlement Agreement between Plaintiffs NEW TECH and Defendant HYPER 30, between May 22, 2018 and April 26, 2019, NEW TECH, at the request of the Defendant HYPER 30, performed various cabling and installation services, totaling $36, 936.00, on terms of net 30 days.

31. Heretofore, the Plaintiffs NEW TECH submitted to the Defendant HYPER 30 copies of the invoices and periodic statements of the account, all of which were retained without objection, thus creating an account stated.

32. Although payment thereof was duly demanded, only a part thereof was paid or credited, leaving an unpaid balance of $24,364.85.

33. By reason of the foregoing Plaintiffs NEW TECH are owed from the Defendant HYPER 30 said amount of $24,364.85, together with applicable interest.

### AS AND FOR A FOURTH CAUSE OF ACTION IN FAVOR OF PLAINTIFFS NEW TECH- ATTORNEYS FEES

34. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

35. Pursuant to the terms of the Settlement Agreement the Defendant HYPER 30 also agreed to pay the Plaintiffs NEW TECH's reasonable costs of collection including attorney's fees, costs and disbursements.

**WHEREFORE**, the Plaintiffs NEW TECH CABLING, LLC and NEW TECH CABLING SERVICES, INC. demand judgment against the Defendant HYPER 30 INC:

(a) On the First Cause of Action and Second Causes of Action for the combined principal sum of $68,015.30, with interest thereon at 5% per annum from July 1, 2019;

(b) On the Third Cause of Action for the sum of $ $24,364.85, with interest thereon at 5% per annum from July 1, 2019;

(c) On the Fourth Cause of Action for the sum of for reasonable attorney fees, costs and disbursements of this action as determined by the Court; and

(d) such other and further relief as the Court may deem just.

Dated: Union City, New Jersey
October 7, 2020

Respectfully submitted,

EDWARD J. MULLINS III, ESQ. LLC

By: Edward J. Mullins III
BAR ID: 4468245
Attorney for Plaintiffs
NEW TECH CABLING, LLC and NEW TECH CABLING SERVICES, INC.
26 Broadway, 8th Floor
New York, NY 10004
Tel: (201) 381-5700
Fax: (201) 866-9188
Email: ed@hudsonlaw.com

# Exhibit 1

SETTLEMENT AGREEMENT, GENERAL RELEASE
AND COVENANT TO REFRAIN FROM ENFORCEMENT

THIS SETTLEMENT AGREEMENT, dated as of May ___, 2018, (the 'Agreement') is between HYPER30 INC., a Florida corporation ("Hyper 30"), whose address is 110 SE 6th St., 17th Floor, Fort Lauderdale, Florida 33301, NEXXTWORKS, INC., a Florida corporation ("Nexxtworks"), whose address is 30798 US Hwy. 19 N., Palm Harbor, FL 34684, and NEW TECH CABLING, LLC, a New York limited liability company ("NTC"), whose address is 49-07 168th Street, Fresh Meadows, NY 11365 and New Tech Cabling Services Inc, a New York corporation ("NTCS"; and NTC and NTCS, collectively, "New Tech") whose address is 101 Fairchild Avenue, Suite 3, Plainview, NY 11803 (and Hyper 30, Nexxtworks and New Tech, collectively, the "Parties".

RECITALS

A.  Prior to May 1, 2018, Nexxtworks was in the business of providing end users with managed IT services, including among other things cabling installation services, for clients' business computer systems, including phone, data, security, wireless and voice and data systems.

B.  New Tech is in business, among other things, to plan, design, build, install and manage client data center cabling systems.

C.  Prior to May 1, 2018, Nexxtworks contracted with New Tech to install certain IT cabling and other equipment for various Nexxtworks clients, including without limitation Nexxtworks' Amerigroup Corp./Anthem Insurance Companies, Inc. client (collectively the "Amerigroup/Anthem Client") at said client's facility (the "Wall Street Facility") in New York City, known to the parties as the "9 Pine Project."

D.  New Tech's invoices to Nexxtworks for the 9 Pine Project totaled approximately $203,535.00.

E.  Although Nexxtworks paid some or all of that amount to New Tech, no instructions were provided by Nexxtworks with respect to application of such funds and New Tech applied such funds to other project invoices owing to New Tech by Nexxtworks predating the 9 Pine Project, leaving an unpaid balance for the 9 Pine Project of $160,515.30 (the "9 Pine Balance").

F.  As a result of the shortfall in the payment for the 9 Pine Project, New Tech asserts the right to place a mechanics' lien on the Wall Street Facility.

G.  On or about May 1, 2018, Nexxtworks sold essentially all of its assets, including customer service contracts, to Hyper 30, though Hyper 30 did not assume any of Nexxtworks' other financial obligations (including Nexxtworks' obligations to New Tech for the 9 Pine Project.

H.  In order to preserve Hyper 30's client relationship with the Amerigroup/Anthem Client, as well as to foster an ongoing, working relationship between Hyper 30 and New Tech, the parties desire to enter into this Agreement to provide for the full payment of the 9 Pine Balance by Nexxtworks, and to give New Tech reasonable assurance of such payment through a Guaranty of such payments by Hyper 30, to avoid the filing of a mechanic's lien by New Tech in connection with the 9 Pine Project.

I.  The entering into this Agreement is not an admission on any party's part of any wrongdoing or actual liability owed, other than of Nexxtworks' obligation for the 9 Pine Balance and Hyper 30's obligation under the Guaranty.

J.  It is intended that this Agreement be construed in the broadest possible manner, in

1

accordance with the parties' express intention that all disputes between them arising out of or in any way connected to the 9 Pine Project be forever resolved. New Tech shall retain no rights with respect to the 9 Pine Project except for any rights specifically granted by this Agreement.

NOW THEREFORE, in consideration of the mutual promises, covenants and other considerations set forth below, New Tech, Nexxtworks and Hyper 30 agree as follows:

AGREEMENT

1. Consideration. In consideration for the confidentiality provisions, the releases and other agreements set forth in this Agreement, Nexxtworks agrees to pay New Tech or to its successors and assigns an amount equal to $160,515.30 (the "Settlement Amount"), payable as follows:

    a. Within two (2) business days after the full execution of this Agreement, Nexxtworks shall pay to New Tech the sum of Twenty-Eight Thousand Five Hundred and no/100 Dollars (US$28,500.00) in immediately available funds by wire transfer per New Tech's wiring instructions;

    b. Within two (2) business days after receipt by Nexxtworks from Amerigroup of currently due invoiced amounts, Nexxtworks shall pay to New Tech the sum of Thirty One Thousand Five Hundred Dollars and no/100 Dollars (US$31,500.00) in immediately available funds by wire transfer per New Tech's wiring instructions;

    c. Within forty-five days after the execution of this Agreement, Nexxtworks shall pay to New Tech the sum of Twelve Thousand Five Hundred Eighty and no/100 Dollars (US$12,580) in immediately available funds by wire transfer per New Tech's wiring instructions;

    d. The balance of $87,935.30 shall be paid by the delivery to New Tech of a promissory note in the form attached hereto as Exhibit A payable as follows:

        i. Beginning on June 1, 2018, Nexxtworks will pay to New Tech, in 24 monthly installments of principal (collectively the "Installment Payments") of the greater of (i) Two Thousand Five Hundred Dollars (US$2,500), or (ii) the Anthem Amount (as hereinafter defined), the aggregate amount thereof not to exceed the Settlement Amount, plus accrued interest;

        ii. On or before May 30, 2020, Nexxtworks will pay to New Tech an amount (the "Final Payment") equal to the positive difference, if any of (a) $87,935.30, minus (b) the aggregate of all Installment Payments actually made by Nexxtworks.

    e. The payments set forth in subparagraphs 1(d)(i) and (ii) above shall be evidenced by a promissory note unconditionally guaranteed by Hyper 30 in the form attached hereto as Exhibit B.

2. Anthem Amount. During the term of this Agreement, New Tech agrees to use reasonable efforts (at no additional cost to New Tech) to cooperate with Hyper 30 (and to the extent applicable Nexxtworks) in solidifying and maintaining the service contract relationship between Hyper 30's the Amerigroup/Anthem Client. For the purposes of paragraph 1(b)(i), above, the term "Anthem Amount" shall mean an amount equal to one-third (1/3) of the monthly Profits of Hyper 30 derived from any and all service contracts existing during such term between Hyper 30 and its Amerigroup/Anthem Client. For the purposes of this paragraph, the term "Profits" shall mean gross monthly revenues from all such contracts less cost of goods sold and direct expenses of providing services under such agreements, but before selling, general and administrative expenses. Hyper 30 will provide to New Tech periodic reports and calculations of the Anthem Amount at least quarterly.

3. Confidentiality and Non-Disparagement. Each Party agrees that it shall not directly or indirectly disclose any of the terms of this Agreement to anyone other than its executives and employees with a business need to know or counsel, except as such disclosure may be required for accounting or tax reporting purposes or as otherwise may be required by law. Each Party further agrees that it will not, at any time in the future, make any critical or disparaging statements to any third parties (including, without limitation, any print or broadcast media) about the other Parties, or any of its products, services, employees, or clients, unless such statements are made truthfully in response to a subpoena or other legal process.

4. Covenant not to Compete.

    a. Scope and Duration. New Tech (for itself and any affiliate of New Tech or its principals, including without limitation Joe Delgado and Jeff Scott, hereinafter the "New Tech Group") hereby agrees that during the term of this Agreement, the New Tech Group will not compete (as hereinafter defined) with Hyper 30, its successors or assigns, for any business with the Amerigroup/Anthem Client or any affiliated companies thereof, without the prior written consent of Hyper 30.

    b. Definition. For the purposes of this section, the term "not compete" shall mean that the New Tech Group shall not, without the prior written consent of Hyper 30, (i) serve as a partner, employee, consultant, officer, director, manager, agent, associate, investor, or otherwise for, (ii) directly or indirectly, own, purchase, organize or take preparatory steps for the organization of, or (iii) build, design, finance, acquire, lease, operate, manage, invest in, work or consult for or otherwise affiliate with, any business in competition with or otherwise similar to Hyper 30's business with the Amerigroup/Anthem Client.

    c. Geographic Scope. This section shall apply to New Tech's activities in every part of the Territory in which the New Tech may conduct business during the term of the Agreement as set forth above. "Territory" shall mean (i) all counties in the State of New York, and (ii) all other states of the United States of America.

    d. Significant Value; Reasonableness. New Tech acknowledges that it will derive significant value from the terms of this Agreement. New Tech further acknowledges that this provision is necessary to preserve the value and goodwill of Hyper 30. New Tech further acknowledges the time, geographic, and scope limitations of its obligations hereunder are reasonable. In the event the provisions of this section are deemed to exceed the time, geographic, or scope limitations permitted by applicable law, then such provisions shall be reformed to the maximum time, geographic or scope limitations, as the case may be, then permitted by such law.

5. Lien Release. Immediately upon the execution of this Agreement and the delivery to New Tech of the Note and Guaranty contemplated hereunder, New Tech agrees to sign a waiver of lien against the property located at 14 Wall Street (9 Pine Street) in Manhattan for all work completed prior to execution of this agreement in the form attached hereto as Exhibit C.

6. Hyper 30 Agreement to Engage New Tech. In consideration of the above non-compete provided by New Tech Cabling, Hyper 30 agrees to contract New Tech Cabling; as the first contractor of choice; for all sub-contracted Telecommunications work being performed for Anthem/Amerigroup in the New York Metropolitan area. During all such work for Hyper 30, New Tech Cabling agrees to positively promote Hyper 30 services and support to Anthem/Amerigroup and represent ourselves as contractors for Hyper 30 in a reasonably agreed manner, such as displaying the Hyper 30 logo on its uniforms and/or other ways reasonably requested by Hyper 30.

7. Mutual General Release. Except as specifically provided herein to the contrary, each

Party, for itself, its successors, assigns, attorneys, and its past, present, and future officers, directors, employees, shareholders, independent contractors, insurers, agents, representatives, assigns and attorneys, mutually releases and discharges the other Parties and their respective successors, assigns, attorneys, and its past, present, and future officers, directors, employees, shareholders, independent contractors, insurers, agents, representatives, assigns and attorneys for, of and from any and all actions, causes of actions, claims, demands, costs and expenses, including attorneys' fees, of every kind and nature whatsoever, in law or in equity, whether now known or unknown, that any of them, or any person acting under any of them, may now have, or claim at any future time to have, based in whole or in part upon or arising out of the 9 Pine Project without regard to present actual knowledge of such acts or omissions.

8. Covenant to Refrain from Enforcement. Each of the Parties hereto and any affiliate each covenant with the others never to institute or participate in any administrative proceeding, suit or action, at law or in equity (including without limitation the filing of any statutory lien) against any other Party, another Party's client or the property of the Amerigroup/Anthem Client to the extent the same arises by reason of any claim released in this Agreement.

9. Denial of Liability. Except with respect to Nexxtwork's liability for the Settlement Amount and Hyper 30's guaranty thereof pursuant hereto, the Parties hereto each understand and agree that this Agreement shall not be construed as an admission of liability on the part of any person, firm, corporation, or other entity released, liability being expressly denied.

10. Governing Law. This Agreement shall governed by the laws of the state of Florida and may be enforced in any court of competent jurisdiction.

11. Signatures. By their signatures below, each Party to this Agreement represents that he or it has read this Agreement in full, has voluntarily entered into this Agreement upon advice of legal counsel, or with the full opportunity to consult legal counsel, agrees that it is in his or its best interest to enter into this Agreement, agrees that he or it believes that this Agreement represents a fair and reasonable resolution of the differences between the parties and agrees to all of the terms and conditions specified in this Agreement.

12. Entire Agreement. This Agreement represents the entire agreement between the parties, and this Agreement may not be modified or otherwise amended without a document, in writing, subscribed to by each of the parties.

IN WITNESS WHEREOF, the parties have executed this Agreement by their duly authorized representatives as of the date first above written.

NEW TECH CABLING, LLC, a New York Limited liability company

By: _____
Joe Delgado, its Authorized Signatory

NEW TECH CABLING SERVICES, INC., a New York corporation

By: _____
Joe Delgado, its Authorized Signatory

HYPER 30 INC., a Florida corporation

By: _____
Mike Mills, President

NEXXTWORKS, INC., a Florida corporation

By: _____
Richard Cartagena, President

EXHIBIT A

# PROMISSORY NOTE

**$87,935.30**                                                                                         May 22, 2018

1.   **Note.**   FOR VALUE RECEIVED, NEXXTWORKS, INC., a Florida corporation ("Maker") promises to pay to the order of NEW TECH CABLING, LLC, a New York limited liability company ("Payee") at such location as Payee may from time to time designate, the principal sum of Eighty-Seven Thousand nine Hundred Thirty-Five and 30/100 Dollars ($87,935.30) together with interest thereon from the date hereof at the rate of Five Percent (5%) per annum (the "Interest Rate").

2.   **Payments.**   Maker will make monthly payments of principal and accrued interest to Payee on the first day of each and every month, beginning on June 1, 2018, and continuing on the first day of each succeeding month up through and including May 1, 2020, calculated as follows:

i. Beginning on June 1, 2018, Maker will pay to Payee, in 24 monthly installments of principal (collectively the "Installment Payments") of the greater of (i) Two Thousand Five Hundred Dollars (US$2,500), or (ii) the Anthem Amount (as hereinafter defined), the aggregate amount thereof not to exceed the Settlement Amount, plus accrued interest;

ii. On or before May 30, 2020, Nexxtworks will pay to New Tech an amount (the "Final Payment") equal to the positive difference, if any of (a) $87,935.30 , minus (b) the aggregate of all Installment Payments actually made by Nexxtworks, plus accrued interest.

The entire principal balance and all accrued but unpaid interest will be due and payable in full on May 30th, 2020 (the "Maturity Date"). All payments will be made to Payee by cash, cashier's check or direct electronic transfer on the first day of every month. In the event the first day of the month falls on a Saturday, Sunday or legal holiday, then the electronic funds transfer will occur on the last business day preceding such Saturday, Sunday or legal holiday.

3.   **Interest Accrual.**   Interest hereunder shall be computed on the basis the actual number of days elapsed in any interest period and a 365-day year, and principal and interest shall be payable in lawful money of the United States of America.

4.   **Prepayment.**   Maker may prepay any portion of or all of this Note without premium or charge.

5.   **Guaranty.**   This Note is secured by the Guaranty of Hyper 30, LLC, a Florida limited liability company (the "Guarantor").

6.   **Default.** The occurrence of any of the following shall constitute an "Event of Default":

a.    Default in the payment of the principal or interest under this Note when due pursuant to the terms hereof;

b.    The failure to comply with any term, provision or condition in this Note; or

1

  c.  The occurrence of a default in: (i) the Settlement Agreement between Maker, Payee and Guarantor of even date herewith (the "Settlement Agreement"); and/or (ii) any other agreement between the Maker and Payee related to the Settlement Agreement.

  7.  **Acceleration.**  Upon the occurrence of any Event of Default, Payee may elect, at its sole option, to accelerate the entire unpaid balance of principal of this Note, together with all accrued interest thereof, at such time or at any time thereafter as Payee may elect, regardless of the Maturity Date of this Note, to become immediately due and payable.

  8.  **Assignment.** Reference in this Note to "Payee" shall mean the original Payee hereunder so long as such Payee shall be the holder of this Promissory Note and thereafter shall mean any subsequent holder of this Promissory Note.

  9.  **Applicable Law and Jurisdiction.** This Note and the rights and obligations of the parties hereto shall be governed by and construed and enforced in accordance with the laws of the state of Florida. Maker and Payee agree that the exclusive venue for any actions related to this Note shall be the federal district court of Florida.

  10.  **No Extension.**  No delay or omission on the part of Payee in exercising any rights hereunder or under the Deed of Trust shall operate as a waiver of such right or of any other right hereunder.

  11.  **Waiver of Presentment.**  Maker and any endorsers hereof jointly and severally waive diligence, presentment for payment, demand, and protest of this Note and notice of protest, demand, dishonor, acceleration, intent to accelerate and nonpayment of this Note and further agree that none of the terms or provisions of this Note may be waived, altered, modified or amended except as Payee may consent thereto in writing.

  12.  **Attorneys' Fees and Costs.**  If this Note is not paid when due or if an Event of Default occurs, then Maker promises to pay all costs and expenses of collection and other costs incurred by Payee as a result thereof, including, but not limited to, reasonable attorneys' fees and expenses incurred by Payee on account of such collection, whether or not foreclosure proceedings are instituted or suit is filed hereon, and for advice and for any and all other services Payee determines to be necessary or advisable by virtue of the delinquency in payment or another Event of Default.

MAKER:

HYPER 30 INC., a Florida corporation

By: _____
Mike Mills, President

EXHIBIT B

## GUARANTY

This GUARANTY, dated as of May __, 2018, is from HYPER30 INC., a Florida corporation ("Hyper 30" or "Guarantor") to and for the benefit of NEW TECH CABLING, LLC, a New York limited liability company (hereafter called "New Tech").

### Recitals

New Tech entered into a Settlement Agreement, General Release and Covenant to Refrain from Enforcement dated as of even date herewith, by and among Nexxtworks, Inc., a Florida corporation ("Nexxtworks"), New Tech and Hyper30 (the 'Agreement'). New Tech would not have entered into the Agreement except for the execution and delivery of this Guaranty.

### Agreement

NOW, THEREFORE, as a material inducement to New Tech to enter into the Agreement with Nexxtworks and Hyper 30, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor and New Tech hereby agree as follows:

1. **Guaranty.** Guarantor hereby unconditionally and irrevocably guaranties to New Tech the full and punctual payment of the amounts payable by to New Tech under paragraph 1(d)(i) and (ii) of the Agreement as evidenced by that certain Promissory Note executed and delivered by Nexxtworks under the Agreement (such payment obligations are collectively referred to as the "Obligations").

2. **Unconditional Obligations.** Guarantor understands and agrees that this Guaranty is direct, immediate, absolute, continuing, unconditional and unlimited (except as provided in Section 12), and is a guaranty of payment and not of collection. If Nexxtworks shall fail to pay or perform any of the Obligations, Guarantor shall pay, forthwith upon demand, to New Tech or to New Tech's designated agent, any and all such amounts as may be due and owning from Nexxtworks to New Tech.

3. **Guarantor's Waivers.** Guarantor waives:

    (a) notice of the creation or extension of any Obligation by Nexxtworks;

    (b) notice that Nexxtworks has taken or omitted to take any action under the Agreement or any other instrument relating thereto or relating to any Obligation;

    (c) notice of acceptance of this Guaranty;

    (d) demand, presentation for payment and notice of demand, nonpayment or nonperformance;

    (e) the right to require New Tech to (i) proceed against Nexxtworks, (ii) proceed against or exhaust any security which New Tech now holds or may hold in the future from Nexxtworks; or (iii) pursue any other right or remedy available to New Tech; and

    (g) any defense by reason of bankruptcy, reorganization, discharge by the filing of bankruptcy or discharge in bankruptcy of Nexxtworks.

Guarantor further agrees that the Guaranty will not be discharged and shall remain in full force and effect until full payment and performance of all Obligations of Nexxtworks and the liabilities of Guarantor hereunder.

4. **Guarantor's Representations and Warrants.** Guarantor represents and warrants that Guarantor has a valuable business interest in supporting the financial stability of Nexxtworks.

5. **Consent.** Guarantor understands and consents that from time to time, and without further notice to or consent of Guarantor, New Tech may take any or all of the following actions without releasing, discharging or in any way affecting the obligations of Guarantor under this Guaranty:

   (a) extend, renew, modify, compromise, settle, or release the Obligations;

   (b) any modification or amendment of or supplement to the Agreement;

   (c) release or compromise any liability of any party or parties with respect to the Obligations; or

   (d) exercise or refrain from exercising any right or remedy of New Tech under the Agreement.

6. **Delay in Enforcement.** Guarantor understands and agrees that any failure or delay of New Tech to enforce any of its rights under the Agreement or this Guaranty shall in no way affect Guarantor's obligations under this Guaranty.

7. **Notices.** Notices to Guarantor are not required under this Guaranty. However, if notice is delivered, unless otherwise provided herein, it shall be hand delivered, sent by registered or certified U.S. mail, postage prepaid, or by commercial overnight delivery service, or transmitted by facsimile, and shall be deemed served or delivered to Guarantor when received at the address set forth after the signature line below, upon confirmation of sending when sent by fax, on the day after being sent when sent by overnight delivery service, or three (3) days after deposit in the mail when sent by U.S. mail.

8. **Severability.** In case any provision of this Guaranty shall be invalid, illegal or unenforceable, such provision shall be severable from the rest of this Guaranty and the validity, legality or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

9. **Applicable Law and Jurisdiction.** This Guaranty and the rights and obligations of the parties hereto shall be governed by and construed and enforced in accordance with the laws of the state of Florida. Guarantor agrees that the exclusive venue for any actions related to this Guaranty shall be the federal district court of Florida.

10. **Amendments.** No amendment, modification or alteration of this Guaranty shall be effective unless in writing and signed by the parties hereto or their respective successors or assigns.

11. **Successors and Assigns.** This Guaranty shall be binding upon and shall inure to the benefit of the successors permitted and assigns of the parties hereto.

12. **Limited Maximum Liability.** Notwithstanding anything contained herein to the contrary, the liability of Guarantor for the payment of the Obligations shall be limited to the aggregate sum of $113,095.30, less any Installment Payments actually made by Nexxtworks to New Tech under the Agreement.

THIS GUARANTY IS FREELY AND VOLUNTARILY GIVEN WITHOUT ANY DURESS OR COERCION AND AFTER GUARANTOR HAS EITHER CONSULTED WITH COUNSEL, OR HAS BEEN GIVEN AN OPPORTUNITY TO DO SO, AND GUARANTOR HAS CAREFULLY AND COMPLETELY READ ALL OF THE TERMS AND PROVISIONS OF THE AGREEMENT AND THIS GUARANTY.

SIGNATURE APPEARS ON FOLLOWING PAGE

IN WITNESS WHEREOF, this Guaranty has been executed as of the date first above written.

GUARANTOR:

HYPER 30 INC., a Florida corporation

By: _____
Mike Mills, President

Guarantor's Address:   110 SE 6th St., 17th Floor
                                   Fort Lauderdale, Florida 33301
                                   Attn.: President

EXHIBIT C

**Form of Lien Waiver**

(Form of payment receipt)
(To be filled out on Subcontractor's letterhead)

To: The Grantee and General Contractor named below

Period Ending ("date") _____, 201__

| Re: | Grantee: | |
|---|---|---|
| | Premises: | |
| | General Contractor: | |
| | Contract work: | |
| | Contract Date: | |
| | Original Contract Amount: | $ |
| | Change Orders: | $ |
| | Adjusted Contract Amount: | $ |
| | Amount of Work Performed to Date: | $ |
| | Retainage Amount Not Yet Due: | $ |
| | Net Amount Due To Date: | $ |
| | Total Payments Received to Date: | $ |

The undersigned subcontractor hereby acknowledges receipt of $_____ and other good and valuable consideration equal to the Total Payments received to Date stated above. DOES HEREBY CERTIFY AND ACKNOWLEDGE that it has received all sums due and owing to it for work performed or materials supplied at or in connection with the Project to the date of all prior requisitions and DOES HEREBY FOREVER RELEASE AND WAIVE for itself, its successors and assigns (a) any and all rights, claims and demands it has or may have against the General Contractor or the Borrower identified above, and their respective successors and assigns (collectively, the "Released Parties") to the date of all prior requisitions : and (b) all right which it has or may have pursuant to the New York State Lien law to file any lien against the Project or any interest of any of the Released Parties therein or any other assets or interest of any of the Released Parties.

The undersigned represents that it has fully paid all its subcontractors, laborers, materialmen and any other person retained or hired by the Company on or in connection with the Project to date (including without limitation all union benefits) and the undersigned agrees to indemnify and save and hold the Released Parties harmless from any and all claims and expenses, including attorney's fees that may be made by any of the undersigned's subcontractors, laborers, materialmen, for any damages, injury or liability arising from or in connection with the performance of the work or the furnishing of materials or any of its or their subcontractors, laborers, materialmen, agents, servants and employees in performance of the Subcontract or Purchase Order, or anywise in connection with any of the work performed or materials furnished upon or in connection with the Project or any breach or default by the undersigned hereunder. In the event a lien is filed against the property in connection with the subcontractor's work, the undersigned agrees to immediately post a bond in satisfaction of the lien and to proceed to discharge the lien and/or satisfy any judgment or award rendered. Any or all of the Released Parties may at their option (i) post a bond, and discharge such lien (ii) defend any action related to lien, (iii) pay and satisfy any judgment or award and the undersigned shall be responsible for and pay such Released Parties all direct and indirect costs thereof, including attorney fees. The undersigned further stipulates that the signatory hereto is an authorized officer with full power to execute this waiver and release a claim

Duly authorized, executed and delivered by the undersigned this _____ day of _____ 2018.

WITNESSED OR NOTARIZED BY:

(1)_____

_____
(Contractor, Subcontractor or Supplier)

(2)_____

By:_____
CHIEF FINANCIAL OFFICER

6